FLORENCE ROGERS COOKE, Respondent, v. ROBERT ANDERSON COOKE, Appellant.

ROBERT ANDERSON COOKE, Appellant, v. FLORENCE ROGERS COOKE, Respondent.

First Department, March 18, 1927.

Husband and wife — divorce — custody of child pending action was given to wife with privilege to husband to have child during part of each week — wife has gone to Europe and left child in custody of her daughter, stepdaughter of husband — present custody of half sister is best for child — order heretofore entered will not be modified so as to give husband custody of child.

An order was heretofore made by the Appellate Division in this action for divorce granting the custody of the child of the parties to the wife, with permission that the husband might have the child during a part of each week. The present motion is to modify the original order so as to give the custody of the child to the father. Although the wife has gone to Europe and has left the child in the custody of her daughter, the stepdaughter of the husband, the order will not be modified, for it clearly appears that the stepdaughter, a half sister of the child, is well qualified to care for the child and that it is in the best interests of the child that he remain in her custody.

MOTIONS by the appellant, Robert Anderson Cooke, for an order modifying the order of this court entered herein on the 1st day of November, 1926. (See 218 App. Div. 703.)

*I. Maurice Wormser*, for the motion.

*George Gordon Battle*, opposed.

PER CURIAM.   This motion, made by Robert Anderson Cooke for a modification of the order heretofore made herein with reference to the custody of Robert Anderson Cooke, Jr., is based upon the allegation that the child's mother, Mrs. Florence Rogers Cooke, is not properly caring for her child.

The court entered an order giving the custody of Robert Anderson Cooke, Jr., to Florence Rogers Cooke, with the right on the part of Robert Anderson Cooke to the custody each week end from Friday night at six o'clock until Monday morning at ten o'clock. The attorney for Mrs. Cooke says he advised her to go to Europe and retain counsel and advise such counsel of the facts in her case, so that counsel may co-operate with her New York attorneys in the preparation of the defense.

The child was left in the custody of Martha Turner Cooke, daughter of Mrs. Florence Rogers Cooke, and a stepdaughter of Robert Anderson Cooke.   In affidavits upon the original motion and upon this motion the parties agree that Martha Turner Cooke is an exceptionally intelligent, capable and most estimable young woman.   During the summer months she held the position of counselor in a girls' camp and was charged with the care of several children.   In the affidavit she says she has taken care of her brother since March, 1926, and has assisted him in his studies, but admits he is very much troubled over the difficulties which have arisen between his father and mother, and because of that fact his school work has not been satisfactory.   He attends school every school day.   The school bus calls for him each morning and brings him home each evening.   He is in the company of his schoolmates and a master of the school while going and coming from school, and in the care of his sister after school hours.

The sole question here involved is the welfare of this child.   The father now lives at a club.   He says he has leased an apartment so that he may take care of and have a home for his son.   He has also employed a private tutor to help his child in his studies. Although this private tutor has been employed for some time, the reports from the school are not very satisfactory.

We believe it is for the best interests of this child, during the absence of his mother, to remain with his sister until the question of his custody is finally decided by the court.

The motion should, therefore, be denied.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

Motion denied.